**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 05-4286**

—————————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

JOHN KELSEY WATKINS,

                              Defendant - Appellant.

—————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. Frank W. Bullock, Jr.,
District Judge. (CR-04-306)

—————————

Submitted: October 21, 2005        Decided: November 8, 2005

—————————

Before WILLIAMS, GREGORY, and SHEDD, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Louis C. Allen, III, Federal Public Defender, William C. Ingram,
First Assistant Federal Public Defender, Greensboro, North
Carolina, for Appellant. Robert Albert Jamison Lang, OFFICE OF THE
UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for
Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

John Kelsey Watkins appeals his conviction and eighty-four month sentence imposed following a plea of guilty to possession of ammunition in commerce after a conviction of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000). On appeal, Watkins' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Watkins' Anders brief asserts that there are no meritorious issues for appeal, but questions whether the district court abused its discretion when it denied his motion to allow substitute counsel. Watkins was advised of his right to file a pro se supplemental brief, but did not respond. The Government adopted counsel's Anders brief and elected not to file a separate brief. We affirm.

Whether a motion for substitution of counsel should be granted is within a trial court's discretion, United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994), and an indigent defendant has no right to a particular attorney and can demand new counsel only for good cause. United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988). A defendant does not have an absolute right to substitution of counsel. United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). In evaluating whether the trial court abused its discretion in denying counsel's motion to withdraw, this court must consider: (1) the timeliness of the motion; (2) the

adequacy of the court's inquiry; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense. Gallop, 838 F.2d at 108.

Watkins timely filed his motion for new counsel (more than a month prior to the sentencing), although the district court did not address that motion until the sentencing hearing. Thus, the timeliness prong under Gallop may weigh in Watkins' favor. Nevertheless, the district court conducted an adequate inquiry into Watkins' reasons for wanting new counsel. Moreover, there was no evidence that a breakdown of communication between Watkins and his attorney prevented Watkins from receiving adequate representation. We therefore conclude that the district court did not abuse its discretion in denying Watkins' motion for new counsel.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Watkins' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED